IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

MILLER CONSTRUCTION EQUIPMENT )
SALES, INC., )
 )
                           Plaintiff, )
 )
    vs. )
 )
CLARK EQUIPMENT COMPANY, d/b/a )
DOOSAN INFRACORE CONSTRUCTION )
EQUIPMENT OF AMERICA, )
 )    No. 3:16-mc-0005-HRH
                           Defendant. )
_____)

O R D E R

Motion to Quash

JCB, Inc. moves to quash a subpoena issued to a nonparty.[1] This motion is opposed.[2] Oral argument was requested[3] but is not deemed necessary.

Background

Plaintiff is Miller Construction Equipment Sales, Inc. Defendant is Clark Equipment Company d/b/a Doosan Infracore Construction Equipment America. Plaintiff was an

---

[1] Docket No.1

[2] Docket No. 4. Defendant amended its opposition at Docket No. 18 to strike the first five pages to bring the opposition within the Southern District of Georgia's local rule that limits briefs to 26 pages. This matter was transferred to the District of Alaska after the briefing on the motion to quash was completed.

[3] Docket No. 17.

-1-

authorized dealer of Doosan equipment from 2006 through 2014. In 2013, while still an authorized Doosan dealer, plaintiff also became a JCB dealer. Plaintiff contends that defendant constructively terminated its dealer arrangement with plaintiff. Defendant contends that plaintiff voluntarily terminated the arrangement. One of the issues in the underlying case[4] is whether plaintiff was using its "best efforts" to sell Doosan equipment in 2014, or whether it was primarily devoting its efforts to selling JCB equipment. Also at issue are plaintiff's claims for payment of the value of its Doosan business and its expenses directly related to its Doosan dealership.

In July 2015, pursuant to Rule 45, Federal Rules of Civil Procedure, defendant served a subpoena for a deposition and production of documents on JCB. Defendant requested that JCB produce 1) documents related to JCB's agreement with plaintiff (including the agreement itself); 2) documents related to any communications between JCB and plaintiff about the marketing, sale, and service of JCB equipment; 3) documents related to any communications between JCB and plaintiff about the marketing, sale, and service of Doosan equipment; 4) documents related to any communications between JCB and plaintiff about plaintiff's relationship with Doosan; 5) documents related to any communications between JCB and plaintiff about JCB's expectations/requirements of plaintiff as a JCB dealer; 6) documents sufficient to show JCB's sale of any products to plaintiff; 7) documents related to marketing

---

[4]Case No. 1:15-cv-0007-HRH.

strategies of plaintiff or JCB for competing against Doosan in Alaska; and 8) documents relating to the financing of products sold to or by plaintiff.[5] Defendant listed these same eight categories as the topics for a Rule 30(b)(6) deposition of JCB.

JCB now moves to quash the subpoena.

## Discussion

"The party who moves to quash a subpoena bears the 'burden of persuasion' under Rule 45(c)(3)." ATS Products, Inc v. Champion Fiberglass, Inc., 309 F.R.D. 527, 531 (N.D. Cal. 2015) (quoting Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005). This "burden is a heavy one." In re Yassai, 225 B.R. 478, 484 (Bankr. C.D. Cal. 1998).

JCB first argues that the subpoena should be quashed because it does not conform to Rule 45's content requirements. Rule 45(a)(1)(A)(iv) provides that a subpoena must "set out the text of Rule 45(d) and (e)." Rule 45(d) relates to the protections provided to a person subject to a subpoena and Rule 45(e) relates to the duties to respond to a subpoena. Although the subpoena states that these provisions of Rule 45 are attached to the subpoena,[6] JCB contends that these provisions were not attached.

Assuming without deciding that defendant failed to comply with Rule 45's content requirements, absent a showing of prejudice, such a failure is not a basis for quashing a

---

[5]Exhibit A at 8-9, Doosan's Rule 30(b)(6) Notice to Take Deposition with Production of Documents of JCB, which is appended to Subpoena to Testify at a Deposition in a Civil Action, Exhibit A, Motion to Quash, Docket No. 1.

[6]Exhibit A, Motion to Quash, Docket No. 1.

subpoena.  Elam v. Ryder Automotive Operations, Inc., 179 F.R.D. 413, 415 (W.D.N.Y. 1998). JCB cannot show any prejudice because JCB is obviously aware of the protections provided by Rule 45, given its filing of the instant motion.

JCB next argues that the subpoena should be quashed because it subjects it to undue burden.  "Rule 45 itself provides that 'on timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... subjects a person to undue burden.'"  In re Subpoena of DJO, LLC, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)).  In determining whether a subpoena subjects a person to undue burden, the court considers "'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'"  Moon, 232 F.R.D. at 637 (quoting Travelers Indem. Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005)).

Here, the subpoena presents an undue burden on JCB, a nonparty, because defendant could obtain the documents it seeks from plaintiff.[7]  See id. at 638 (quashing nonparty subpoena in part because the requesting party could "more easily and inexpensively obtain the documents from" a party); see also, Fed. R. Civ. P. 26(b)(2)(C)(i) ("On motion or on its

---

[7]Andrew Miller, plaintiff's general manager, avers that plaintiff "has custody and control of all documents actually communicated to or from [plaintiff] in all eight of the categories identified in the JCB Subpoena."  Declaration of Andrew H. Miller at ¶ 5, Exhibit E, Motion to Quash, Docket No. 1.

own, the court must limit the frequency or extent of discovery otherwise allowed by these rules ... if it determines that ... the discovery ... can be obtained from some other source that is more convenient, less burdensome, or less expensive"). The court is mindful that plaintiff has so far refused to produce any JCB-related discovery, but this refusal is one of the subjects of defendant's pending motion to compel in the underlying case. Although the court will defer ruling on that motion until plaintiff's pending motion for partial summary judgment is resolved, it is clear to the court at this point that defendant's motion to compel will at least be granted in part. If plaintiff is compelled to produce JCB-related documents and if, after that production, defendant believes that there are documents that would be exclusively in JCB's control, then defendant may be able to subpoena those documents. But allowing defendant to subpoena all JCB-related documents from JCB, a non-party, when defendant could obtain most of those documents from plaintiff would put an undue burden on JCB. "There is simply no reason to burden" JCB, a nonparty, "when the documents sought are in possession of [a] party...." Nidec Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 577 (N.D. Cal. 2007). Thus, JBC's motion to quash is granted.

Turning then to JCB's request for an award of attorney's fees, Rule 45(d)(1) provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

"Rule 45(d)(1) is discretionary." Legal Voice v. Stormans Inc., 738 F.3d 1178, 1185 (9th Cir. 2013). "Merely losing a motion to compel does not expose a party to Rule 45 sanctions." Id. "A court may, however, impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." Id. The court is not convinced that defendant issued the subpoena for an improper purpose or in a manner inconsistent with existing law. Nor does there appear to have been any bad faith on defendant's part. Although it may have been advisable for defendant to wait to subpoena JCB until after resolution of defendant's motion to compel in the underlying case, defendant's concern about document retention was not unreasonable. JCB's request for an award of attorney's fees is denied.

## Conclusion

JCB's motion to quash[8] is granted, but its request for an award of attorney's fees is denied.

Defendant's motion for oral argument[9] is denied.

DATED at Anchorage, Alaska, this 24th day of March, 2016.

/s/ H. Russel Holland
United States District Judge

---

[8] Docket No. 1.

[9] Docket No. 17.